Filed 11/4/13  Salazar v.Salazar CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOEL SALAZAR, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ALBERT SALAZAR, <br><br> Defendant and Appellant. | D061716 <br><br><br> (Super. Ct. No. 37-2007-00055630-CU-BC-NC) |

APPEALS from an order of the Superior Court of San Diego County,

Jacqueline M. Stern, Judge.  Affirmed in part; reversed in part with directions.

Randall C. Sterling, for Defendant and Appellant Albert Salazar.

The Law Offices of Charles D. Nachand, Charles D. Nachand and Richard B.

Hudson, for Plaintiff and Appellant Joel Salazar.

Albert Salazar appeals an order enforcing a settlement agreement he entered into with his brother, Joel Salazar.[1]  His opening brief, however, violates basic rules of appellate practice, and thus he has forfeited the matter.  In any event, he purports to raise a jurisdictional issue on behalf of a third party, which he lacks standing to do.

Joel also appeals, contending the trial court erred by denying him contractual attorney fees as the prevailing party before he even filed a motion for fees.  We agree with him, and reverse the order in part with directions.

FACTUAL AND PROCEDURAL BACKGROUND

In 1996 Joel and Albert formed a partnership and acquired three parcels of property in San Diego County.  In 2005 they agreed that Albert would purchase Joel's interest in the properties for $300,000.  A note secured by a deed of trust and a deed of trust with assignment of rents were prepared, but Albert did not sign them.  Joel signed a deed quitclaiming his interest in the properties to Albert, and it was recorded.

In 2007 Joel sued Albert for breach of contract, fraud, and related counts, alleging Albert's nonpayment.  The complaint also alleged Albert had encumbered two of the three properties that were to secure the note.

On January 9, 2009, the terms of a settlement agreement were recited on the record.  Albert was to pay Joel a total of $300,000.  He was to pay Joel $250,000 within 90 days, and he was to sign a $50,000 promissory note in favor of his parents, Alberto

---

[1]    To avoid confusion, we refer to the parties and other family members with the same surname by their first names.

2

and Rachel Salazar, and pay them in a lump sum on December 30, 2009. The record states, "It's the intent of the parties that this note is fully enforceable and nonwaivable. If the parents, or either of them, should waive the performance obligation or payment, then the obligation and payment revert back in favor of [Joel]. If either of the parents is deceased, then it will be paid to the survivor when due." The court retained jurisdiction over the matter. Albert signed a "Note Secured by Deed of Trust" the same date.

In January 2012 Joel brought a motion to enforce the settlement agreement under Code of Civil Procedure section 664.6.[2] Albert had paid Joel the $250,000, but he had not paid the $50,000 note. Alberto had died, and thus it was owed to Rachel. Albert had sold the property securing the note without giving Rachel any of the $100,000 down payment and he had "attempted to negotiate the extension of payment with his mother, and ha[d] promised to pay her through the sale of other property in Mexico." Rachel told her sons "she wanted nothing to do with it [the $50,000], it was not her money." She told Joel's attorney she "would not go to Court, and did not want to deal with the Court." The attorney submitted a declaration that stated the "parents were solely gratuitous beneficiaries. . . . It was [Joel's] money and being paid on behalf of [Joel] pursuant to the settlement."

The trial court did not consider Albert's opposition brief, because he presented it in pro per. He had counsel of record and had not submitted a substitution of attorney form.

2      Further undesignated statutory references are to the Code of Civil Procedure unless otherwise specified.

Neither Albert nor his attorney appeared at the hearing. After taking the matter under submission, the court granted the motion, finding Albert breached the settlement agreement and the note secured by a deed of trust reverted to Joel because Rachel "has waived performance and/or payment of the obligation." The court denied Joel contractual attorney fees on the ground he had not followed the correct procedure.

I

*Albert's Appeal*

A

Albert has filed a three-page opening brief, which violates basic rules of appellate practice. It does not develop any particular argument; cite the record, with minor exception; or cite any supporting legal authority. Each brief shall "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rules 8.204(a)(1)(C) & (a)(2)(C).)[3] The "appellate court can treat as *waived, forfeited* or *meritless* any issue that, although raised in the briefs, is *not supported by pertinent or cognizable legal argument or proper citation of authority*." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2012) ¶ 9.21, p. 906; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) We deem Albert's appeal forfeited.

In any event, the opening brief does not challenge the sufficiency of the evidence to support the court's order or raise any other claimed error as to Albert. Rather, its sole

_____

[3] Further rule references are to the California Rules of Court.

contention is that the trial court lacked personal jurisdiction over Rachel because she was not a party to the action and thus it could not adjudicate her interest in the $50,000 note. Albert, however, cites no authority for the proposition he has standing to pursue an argument on her behalf.

In his reply brief, Albert attempts to challenge the sufficiency of the evidence to show that Rachel waived payment, asserting declarations by Joel and his attorney were hearsay. We deem arguments made for the first time in the reply brief, however, to be waived. (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 799.) Further, Albert has waived the argument because he cites no law on the hearsay rule and exceptions thereto, or on the substantial evidence standard of review.

Moreover, the reply brief argues that even though Rachel was not a party at the trial court, she may appeal the order. It cites *In re FairWageLaw* (2009) 176 Cal.App.4th 279, 285, which explains, "Nonparties who are aggrieved by a judgment may appeal from it." Rachel, however, did not file a notice of appeal, and again, Albert cites no authority for the proposition he has standing to pursue her interests.

B

Joel seeks sanctions under section 907, which provides: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." We decline to award sanctions, because Joel has not complied with rule 8.276, which requires that a party seeking sanctions for a frivolous appeal bring a noticed motion, to include a declaration supporting the amount of

5

the sanction sought, "before any order dismissing the appeal but no later than 10 days after the appellant's reply brief is due." (Rule 8.276(b)(1) & (2).)

II

*Joel's Appeal*

In his appeal, Joel contends the court erred by denying him attorney fees before he even brought a motion for them. "On appeal this court reviews a determination of the legal basis for an award of attorney fees de novo as a question of law." (*G. Voskanian Construction, Inc. v. Alhambra Unified School Dist.* (2012) 204 Cal.App.4th 981, 995.) We agree with Joel's analysis.

When the settlement agreement was read into the record, the court stated: "[I]f you all have to come back to court and there's another legal difficulty, the court in its discretion could authorize attorney fees and costs to whatever the court determines is the prevailing party, as long as the fees and costs are reasonable. Is that sort of understood by this? It's understood in the code." Albert's attorney responded, "Yes. That's an agreement," and Joel's attorney responded, "We will make that an agreement and part of this." Further, the $50,000 promissory note provides, "[i]f action be instituted on this Note, the undersigned [Albert] promises to pay such sum as the Court may adjudge as attorney's fees."

In his reply memorandum of points and authorities, Joel argued "attorney's fees and costs . . . should be awarded (Memorandum of Costs) when Plaintiff prevails on this Motion." The court's tentative ruling states, "Plaintiff's request for an award of fees and costs is denied. Plaintiff did not request fees and costs until the reply brief which is too

6

late as Defendant cannot respond to that request.  In addition, Plaintiff counsel's supporting declaration did not set out the amount being sought or any details regarding how that amount was determined, such as the tasks performed, the time expended and Counsel's hourly rate.  [¶]  In the reply Plaintiff indicates that fees and costs will be sought via Cost Memo.  However, a cost memo is not the proper vehicle for recovering attorney's fees."

At the hearing, Joel argued he was entitled to attorney fees, and under the Code of Civil Procedure he intended to file a memorandum of costs accompanied with a motion for fees.  The court responded, "You're wrong.  I mean, I don't know how to say it nicely. You're wrong.  That's not the way to request the fees."  The court issued a final minute order identical to the tentative one insofar as attorney fees are concerned.  The court's formal order provides, "Plaintiff's request for fees is denied as the request was not made in the moving papers, and was not supported by sufficient Declaration of counsel."

However, Joel was not required to submit a motion for attorney fees with his moving papers, before the merits of his motion were adjudicated.  Section 1032, subdivision (b), provides that the "prevailing party is entitled as a matter of right to recover costs in any action or proceeding."  Section 1033.5, subdivision (a)(10), provides that attorney fees, as authorized by contract, statute, or law, are an item of recoverable costs.  When contractual attorney fees are an item of costs, the party seeking fees shall bring a noticed motion.  (§ 1033.5, subd. (c)(5).)  Under rule 3.1702(b)(1), a motion for contractual fees "must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case or under rules 8.822 and 8.823 in a

7

limited civil case."[4] The court's denial of fees before he even filed a motion was improper. The court's order should have designated Joel the prevailing party on the contract and noted his entitlement to fees was subject to a subsequent motion proceeding.

Additionally, the court's tentative and final minute orders state: "The Court also notes that Plaintiff's counsel expressly stated on the record that fees for this matter would be capped at $1,500.00. . . . The fact Judge Maino later reiterated that the Court could award fees in its discretion has no bearing on the fact the parties expressly agreed the fees would not exceed $1,500.00 for this motion."[5]

While this finding is not included in the court's formal order, we address it for the court's convenience on remand. We conclude the court misread the reporter's transcript from the settlement agreement hearing. The $1,500 cap on attorney fees refers exclusively to Albert's obligation to pay Joel $250,000. After discussing the $250,000 obligation, Judge Maino stated the "counsel seeking *that entry of judgment* may request up to $1500 in attorney's fees for providing notice and making calculations and providing the declarations and submitting the judgment." The parties agreed that if Albert defaulted on the $250,000 obligation, Joel could obtain a judgment to enforce the settlement agreement in an ex parte proceeding, which would naturally be less expensive than a

---

4    Pending these appeals, the parties have signed a stipulation extending the time within which Joel must bring a fee motion, as provided in rule 3.1702(b)(2).

5    Judge Runston G. Maino presided over the settlement conference on January 9, 2009, and placed the terms of the agreement on the record.

noticed motion.  This motion, which had to be noticed in the regular course, pertained to the $50,000 note, and no attorney fees cap for that matter was stated on the record.

## DISPOSITION

The order is reversed to the extent it denies Joel attorney fees or purports to cap fees at $1,500.  The matter is remanded for further proceedings on the issue.  In all other respects, the order is affirmed.  Joel is entitled to costs on appeal.

McCONNELL, P. J.

WE CONCUR:

McDONALD, J.

O'ROURKE, J.

9